RENDERED: FEBRUARY 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0847-MR

THEODORE STOUT　　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　APPEAL FROM MCCRACKEN CIRCUIT COURT
v.　　　　　　HONORABLE WILLIAM A. KITCHEN, III, JUDGE
　　　　　　　ACTION NO. 91-CR-0063

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MCNEILL, AND TAYLOR, JUDGES

TAYLOR, JUDGE: Theodore Stout, *pro se*, brings Appeal No. 2019-CA-0847-MR from an April 25, 2019, order denying Stout relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm.

Stout was indicted by a McCracken County grand jury on April 30, 1991, upon one count of murder, two counts of first-degree burglary, and two counts of theft by unlawful taking over $100. Pursuant to a plea agreement with

the Commonwealth, Stout entered a guilty plea to the offenses as charged in the indictment in exchange for a concurrent 500-year sentence. On January 15, 1992, a final judgment and sentence of imprisonment was entered sentencing Stout to 500-years' imprisonment pursuant to the plea agreement.

Some twenty-six years after entry of the January 15, 1992, final judgment, Stout filed a Motion to Vacate and Modify Sentence Pursuant to CR 60.02. In the CR 60.02 motion filed on September 12, 2018, Stout alleged that his guilty plea was involuntarily entered as he was coerced by the court and his attorney to plead guilty with knowledge that he was incompetent to stand trial. Stout also alleged that his sentence of imprisonment was illegal as it was in contravention of Kentucky Revised Statutes 532.030.

By order entered April 25, 2019, the circuit court denied Stout's CR 60.02 motion. Stout brought this appeal (Appeal No. 2019-CA-0847-MR) from the April 25, 2019, order denying his CR 60.02 relief. Stout also filed a motion pursuant to CR 59.05 to alter, amend, or vacate the order denying his CR 60.02 motion. The CR 59.05 motion was denied by order entered May 28, 2019. This appeal follows.

Stout contends the circuit court erroneously denied him relief pursuant to CR 60.02 as his guilty plea was involuntarily, unknowingly, and unintelligently

entered.[1]  More particularly, Stout asserts that he entered his guilty plea "without a psychiatrist or psychologist examining him for a finding of incompetence at the time of the commission of the offenses he committed and for a determination of whether he was then incompetent to stand trial."  Stout's Brief at 1.

The Kentucky Supreme Court has held that CR 60.02 relief is only available to raise claims not within the purview of Kentucky Rules of Criminal Procedure (RCr) 11.42.  *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011); *Gross v. Commonwealth*, 648 S.W.2d 853, 855-57 (Ky. 1983).  In *Gross*, the Supreme Court explained that the structure for attacking a final judgment is organized and complete.  *Gross*, 648 S.W.2d at 856.  More specifically, the *Gross* Court held that the "structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02.  CR 60.02 is not intended merely as an additional opportunity to raise *Boykin* [*v. Alabama*, 395 U.S. 238 (1969)] defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42."  *Gross*, 648 S.W.2d at 856.

In this case, Stout has filed a CR 60.02 motion alleging that his counsel was ineffective as his guilty plea was involuntary thereby violating due process per *Boykin v. Alabama*, 395 U.S. 238 (1969).  The claim that Stout's guilty

---

[1] In Theodore Stout's *pro se* appellate brief, it appears that he has abandoned the claim that his 500-year sentence of imprisonment was illegal as violative of Kentucky Revised Statutes 532.030.

plea was involuntary thereby violating constitutional due process requirements must be raised in either a motion to withdraw guilty plea under RCr 8.10 or in an RCr 11.42 motion. *See Gross*, 648 S.W.2d at 856; *Lynch v. Commonwealth*, 610 S.W.2d 902, 904-05 (Ky. App. 1980); *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-88 (Ky. 2001). The record reveals that Stout filed neither a motion pursuant to RCr 8.10 nor pursuant to RCr 11.42. As Stout improperly filed a 60.02 motion seeking to set aside his guilty plea as involuntary, we conclude that the circuit court did not abuse its discretion by denying Stout's CR 60.02 motion.

For the foregoing reasons, the order of the McCracken Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Theodore Stout, *Pro Se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky