RENDERED:  MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1490-MR

MICHAEL T. FORD                                                    APPELLANT


v.                      APPEAL FROM LAUREL CIRCUIT COURT
                        HONORABLE GREGORY A. LAY, JUDGE
                        ACTION NO. 00-CR-00075-002


COMMONWEALTH OF KENTUCKY                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Michael T. Ford, *pro se*, appeals from an order of the Laurel

Circuit Court denying his request to vacate his judgment of conviction and

sentence based on what he claims are an illegal plea agreement and sentence.  We

affirm.

This matter has an extensive procedural history which was recently

summarized, in part, by this Court:

In 1999, Charles J. Deaton and Dorothy Raynard were kidnapped in Deaton's vehicle and murdered in Laurel County. Ford and three other individuals were indicted for the kidnappings and murders. Specifically, Ford was indicted for two counts of complicity to murder, two counts of complicity to kidnapping, one count of theft by unlawful taking, abuse of a corpse, and for being a first-degree persistent felony offender. The Commonwealth gave notice of its election to proceed with capital punishment. A plea agreement was reached allowing Ford to avoid the death penalty.

On March 26, 2001, Ford appeared in court with counsel and entered his guilty pleas to two counts of complicity to murder and two counts of complicity to kidnapping. He stated he understood he was waiving his rights, including the right to trial, he understood the possible penalties and the Commonwealth's sentencing recommendation and acknowledged the remaining counts would be dismissed. Ford affirmed that he had obtained his G.E.D., that he did not suffer from mental illness, that his plea was voluntarily entered, and no one was forcing him to enter his plea agreement. Ford was sentenced in accordance with agreement on March 26, 2001.

In February 2003, Ford filed [a Kentucky Rules of Criminal Procedure (RCr)] 11.42 motion seeking to vacate the judgment against him alleging ineffective assistance of counsel. While Ford raised a number of claims, the central issue was whether he possessed the requisite mental competency to enter a valid guilty plea. The trial court held a limited hearing and, on October 31, 2003, the trial court denied Ford's motions for relief on all grounds.

On November 19, 2003, Ford filed a motion "pursuant to [Kentucky Rules of Civil Procedure (CR)] 60.02(a) requesting that the court re-conduct its October 27, 2003 hearing" and appoint DPA counsel. On December 15, 2003, an order was entered denying the

motion. Ford filed a notice of appeal on January 13, 2014 stating he was appealing from an order denying his RCr 11.42 motion entered on December 15, 2003.

This Court held that because the order denying RCr 11.42 relief was entered on October 31, 2003, the notice of appeal was untimely. *Ford v. Commonwealth*, No. 2004-CA-000093-MR, 2005 WL 627149, at *2 (Ky. App. Mar. 18, 2005) (unpublished). This Court further held that even if Ford had properly appealed the Kentucky Rules of Civil Procedure (CR) 60.02 motion, he was not entitled to relief, reasoning as follows:

> Finally, Ford would not be entitled to relief even if we treated his pro se notice of appeal as having been intended to apply to the order denying CR 60.02(a) relief. Ford alleged in his CR 60.02 motion that the trial court should have granted his oral request to appoint counsel to represent him during the RCr 11.42 evidentiary hearing which addressed his mental competency to enter a guilty plea. However, RCr 11.42(5) specifically provides that a trial court need not appoint counsel to represent a movant in an RCr 11.42 proceeding unless that movant requests such an appointment by a "specific written request." Here, such a written request was not made. Further, since Ford's trial counsel testified and produced evidence to show that the psychological and neuropsychological evaluation conducted before Ford entered his guilty plea did not support a psychological defense, there is nothing to suggest that Ford was prejudiced by the court's failure to appoint counsel to represent him during the RCr 11.42 hearing. Thus, it is clear from the record that there was no "mistake, inadvertence, surprise or excusable neglect" which would entitle Ford

-3-

> to relief herein, and the trial court did not abuse its discretion by denying his motion for CR 60.02 relief.
>
> *Id.* (footnotes omitted). The Supreme Court denied discretionary review on May 11, 2005.
>
> On October 29, 2018, Ford filed a motion to withdraw his guilty plea pursuant to RCr 8.10. He also requested assistance of counsel. In his motion, Ford alleged that he was misinformed by his trial counsel that he could be sentenced to death if he proceeded to trial. The trial court denied the motion, and this appeal followed.

*Ford v. Commonwealth*, No. 2019-CA-000108-MR, 2020 WL 1332972, at *1-2 (Ky. App. Mar. 20, 2020). This Court affirmed the circuit court's decision.

On October 26, 2020, Ford filed a motion to vacate his sentence, arguing that he could not have been sentenced to four consecutive sentences of life without the possibility of parole (LWOP) based upon the application of Kentucky Revised Statutes (KRS) 532.110(1)(c) and that because the plea agreement circumvented this statute, it was void pursuant to contract law. The circuit court denied the motion to vacate by order entered November 5, 2020, noting that Ford failed to cite a rule that would permit it to consider the motion on the merits as the original judgment had been entered more than 19 years previously and that he had already unsuccessfully pursued post-conviction relief pursuant to RCr 11.42 and CR 60.02. In addition, the circuit court recognized that Ford's motion had no merit in that it was based on an argument that he had been sentenced to four consecutive

-4-

LWOP terms. The judgment did not state that the sentences were to be served consecutively. This appeal now follows.

In his brief, Ford continues to argue that his four life sentences are illegal under KRS 532.110(1)(c) and, as a result, he never could have agreed to the sentences per the terms of his plea agreement. We find no merit in his assertions.

However, we disagree with the reasoning of the circuit court in denying relief to Ford. We do agree that, had Ford's motion been made pursuant to RCr 11.42, it would have been impermissibly successive. *See, e.g.*, *Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011). While it is true that Ford did not state an applicable rule of criminal or civil procedure in his motion to vacate his conviction and sentence, the substance of his argument challenged what he claimed was an illegal sentence. "The trial court has inherent authority to correct an unlawful sentence, at any time." *Phon v. Commonwealth*, 545 S.W.3d 284, 308 (Ky. 2018). However, Kentucky law is well-settled that "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Goetz v. Asset Acceptance, LLC*, 513 S.W.3d 342, 345 (Ky. App. 2016) (citation omitted).

The flaw in Ford's argument is that his sentence is not unlawful. KRS 532.110 states:

> (1) When multiple sentences of imprisonment are
> imposed on a defendant for more than one (1) crime,

including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

. . . .

> (c) The aggregate of *consecutive* indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]

(Emphasis added.)

In exchange for his guilty plea, the Commonwealth agreed not to pursue the death penalty against Ford. Ford agreed to a sentence of LWOP on each count. However, the plea agreement was silent as to whether the sentences were to be served concurrently or consecutively. Accordingly, Ford's argument that he could not have agreed to an illegal sentence must fail. Similarly, the judgment and sentence on a plea of guilty entered by the circuit court did not specify whether the LWOP sentences were to run concurrently or consecutively.

Notably, Ford does not specifically argue that he received four consecutive LWOP sentences. Rather, he vaguely asserts that this Court has twice

-6-

interpreted the judgment as "an aggregate one consisting of four (4) LWOP sentences[.]" KRS 532.110(2) states:

> [i]f the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve unless the sentence is required by subsection (3) of this section or KRS 533.060 to run consecutively.

The statute is unambiguous. Because Ford's judgment and sentence did not specify the manner in which his four LWOP sentences should run, they are to run concurrently. However, even if the circuit court had ordered the sentences to run consecutively, the remedy is not to vacate the underlying conviction as Ford demands, but to have the circuit court correct the sentence. *See Phon*, 545 S.W.3d 284 at 308-09.

For the foregoing reasons, the order of the Laurel Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael T. Ford, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky