RENDERED: JUNE 6, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1305-MR

JOHNNY D. ALLEN      APPELLANT

APPEAL FROM CASEY CIRCUIT COURT
v.      HONORABLE RODERICK MESSER, SPECIAL JUDGE
ACTION NO. 00-CR-00031

COMMONWEALTH OF KENTUCKY      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES, JUDGES.

JONES, L., JUDGE: Johnny D. Allen, *pro se*, brings this appeal from a September 27, 2023 order of the Casey Circuit Court denying Allen's motion for relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm.

Allen was indicted by a Casey County Grand Jury upon one count of Murder (Kentucky Revised Statutes (KRS) 507.020)[1] and one count of Arson in the First Degree (KRS 513.020).[2] The indictment followed the shooting death of Allen's wife, Jamie Ann Hayes Allen, and the subsequent fire at her residence. The Commonwealth provided notice pursuant to KRS 532.025 that it intended to seek the death penalty against Allen. Pursuant to a plea agreement with the Commonwealth, Allen entered a guilty plea to Murder and First-Degree Arson. Allen was sentenced to life imprisonment for the Murder and twenty-years' imprisonment for the First-Degree Arson; the sentences were to be served concurrently. By final judgment rendered March 6, 2002, Allen was sentenced in accordance with the plea agreement.

---

[1] KRS 507.020 provides, in relevant part:

(1) A person is guilty of murder when:

(a) With intent to cause the death of another person, he causes the death of such person[.]

[2] KRS 513.020 provides, in relevant part:

(1) A person is guilty of arson in the first degree when, with intent to destroy or damage a building, he starts a fire or causes an explosion, and;

(a) The building is inhabited or occupied or the person has reason to believe the building may be inhabited or occupied; or

(b) Any other person sustains serious physical injury as a result of the fire[.]

A few days after the final judgment was rendered, Allen wrote a letter to the trial court attempting to withdraw his guilty plea and seeking appointment of counsel. The trial court treated Allen's letter as a motion to withdraw guilty plea, appointment of counsel, and an evidentiary hearing. The trial court appointed counsel and advised an evidentiary hearing would be conducted. After speaking with his newly appointed counsel, Allen stated before the trial court that he was satisfied with the plea agreement and no longer wished to withdraw his guilty plea.

Some three years later, on February 28, 2005, Allen filed a Motion to Vacate Judgment and Set Aside Conviction pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. Therein, Allen acknowledged "killing his wife by [sic] shooting her several times with .45 caliber handgun and a shot to the head with a 410 shotgun [sic] . . . [and then] took his two year old son Zachary and exited the house. [O]n his way out he took a lighter and set fire to a blanket and throw [sic] it on the couch and sat in the yard until firefighter's [sic] and law enforcement arrived." Allen's RCr 11.42 Motion at 3. However, Allen maintained that these facts did not support the charge of Arson in the First Degree because "the building was not occupied, and no one sustained any physical injury as a result of the fire." Allen's RCr 11.42 Motion at 4. Allen likewise asserted the evidence did not support an aggravating circumstance as his wife died from the gunshot wounds he inflicted before he started the fire.

By Order entered August 29, 2005, the trial court denied Allen's RCr 11.42 motion without an evidentiary hearing. Allen pursued an appeal of the trial court's August 29, 2005 Order denying RCr 11.42 relief. Another panel of this Court rendered an Opinion affirming (*Allen v. Commonwealth*, No. 2006-CA-000199-MR, 2007 WL 779195, at *2 (Ky. App. Mar 16, 2007)) the trial court's denial of Allen's RCr 11.42 motion.

Some twenty years after final judgment was entered, on March 11, 2022, Allen filed a motion seeking relief pursuant to CR 60.02(b) for newly discovered evidence. The basis of Allen's newly discovered evidence claim stems from a statement made by the Casey County Commonwealth's Attorney to the Lexington Herald-Leader in 2021. The article discussed a new policy decision made by the Kentucky Parole Board to not issue serve-out orders at an inmate's first parole hearing. In this article, the Commonwealth's Attorney purportedly stated that Allen had "shot his wife to death in 2000 and then set their house on fire." Allen's CR 60.02 Motion at 1. Allen asserts the Commonwealth's Attorney's statements regarding the sequence of events (*i.e.*, that his wife was already deceased when he started the fire) was newly discovered evidence. Simply put, Allen maintains that had he known his wife was deceased when he started the fire, he would not have pleaded guilty to Arson in the First Degree. Allen's rationale is that if he knew the murder occurred before the fire was started, then the

death did not occur during the commission of the arson; therefore, the case would not have been death penalty eligible.

It is well recognized that "CR 60.02 allows appeals based upon claims of error that 'were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court.'" *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (citation omitted). Subsection (b) of CR 60.02 provides relief where the claim is one of newly discovered evidence. Claims brought under subsections (b) of CR 60.02 must be brought within one year after judgment was entered. And CR 60.02 relief is only available to raise issues that could not have been raised via direct appeal or a motion pursuant to RCr 11.42. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

A review of the specific grounds for relief claimed by Allen in his CR 60.02 motion reveals that with reasonable diligence the claims could have been brought in his direct appeal or in his RCr 11.42 motion. In fact, in Allen's RCr 11.42 motion, brought some twenty years ago, he specifically argued that his case was not death penalty qualified for the following reasons:

> one, the building was not inhabited or occupied and movant knew the building not to be inhabited or occupied, and there was no serious physical injury to anyone as a result of the fire, and the only degree of arson that will constitute as an aggravating circumstance to qualify a case as death penalty qualified is first degree

arson, and two, even if the arson was in the first degree, the murder did not occur while the offender was engaged in the commission of arson in the first degree, the murder happened first in turn, the victim had already been fatally shot and was dead before the fire was set, the autopsy report clearly shows the victim died from multiple gunshot and shotgun wounds, and there was no smoke present in the lungs therefore the victim was deceased prior to the fire, clearly, the murder did not occur during the commission of the arson, and a dead body could not constitute occupancy nor serious physical injury. . . .

February 28, 2005, Motion Pursuant to RCr 11.42.

As demonstrated in Allen's RCr 11.42 motion filed in 2005, he was clearly aware of the facts that he now claims are newly discovered evidence. The facts that Allen is now relying upon to support his CR 60.02 claim were clearly known to him when he filed his RCr 11.42 motion in 2005; thus, these facts do not constitute newly discovered evidence. Furthermore, it appears these facts were known, or with reasonable diligence, could have been known to Allen at the time of trial or upon his direct appeal. For example, the medical examiner's report at the time of his wife's death revealed that she died of multiple gunshot wounds to her trunk and head. As the claims set forth in Allen's CR 60.02 motion were not asserted in a timely manner, relief cannot be granted.

We view any remaining contentions of merit to be moot or without merit.

For the foregoing reasons, the September 27, 2023 order of the Casey Circuit Court denying Allen's motion for relief pursuant to CR 60.02 is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Johnny D. Allen, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky