RENDERED: MARCH 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0415-MR

GRENISA C. SMITH                                               APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 20-CR-001317

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

CETRULO, JUDGE: Grenisa Smith ("Smith"), *pro se*, appeals the order of the

Jefferson Circuit Court denying, without an evidentiary hearing, her motion for

relief under Kentucky Rule of Civil Procedure ("CR") 60.02. After reviewing the

briefs and the record, we affirm the circuit court's order.

## FACTS & PROCEDURAL BACKGROUND

In August 2020, a Jefferson County grand jury indicted Smith on one

count of murder. The charge was based on an incident that occurred on July 26,

2020, in Jefferson County when Smith shot and killed the victim following an altercation. After several years, the parties reached a plea agreement wherein the Commonwealth amended the murder charge to manslaughter in the first-degree and recommended a sentence of 17 years of imprisonment. On April 18, 2023, Smith accepted the offer and entered her guilty plea before the circuit court. The plea document, signed by Smith and her attorney at the time, specifically acknowledged her agreement to serve the 17-year sentence and her ineligibility for probation. The court scheduled a sentencing hearing for July 2023.

In May 2023, however, Smith submitted a handwritten letter to the circuit court, expressing her dissatisfaction with defense counsel and indicating some confusion or second-guessing about her acceptance of the plea agreement. The court ordered the letter to be filed in the record and distributed copies to Smith's attorney and the Commonwealth. Shortly thereafter, Smith's attorney filed a motion to withdraw as counsel due to the potential for a conflict of interest to arise if Smith moved to withdraw her guilty plea.[1]

On July 18, 2023, the circuit court granted defense counsel's motion to withdraw. Based on the record before us, it does not appear that Smith took any

---

[1] In further support of withdrawal, defense counsel stated that he recently received notice that Smith filed a bar complaint against him containing similar accusations as those in Smith's letter to the court, and that the bar complaint remained open at the time he filed his motion to withdraw.

further action regarding her guilty plea, and the case proceeded to a final sentencing hearing in August 2023. In its judgment of conviction, the circuit court noted Smith's presence and her representation by counsel[2] at the sentencing hearing and sentenced Smith in accordance with the plea offer.

The record reflects no further activity until March 2025, when the circuit court entered an order denying Smith's motion under CR 60.02. However, Smith's motion is absent from the record on appeal, and the only mention of it having been filed is in the circuit court's order. Given that the court's order provides the only insight as to the relief Smith sought in her motion, we quote the circuit court's order in its entirety:

> [Smith] has filed a [CR] 60.02 motion and requested relief from the final judgment of the sentence based upon "excusable neglect" of counsel for not introducing information related to [Smith]'s alleged extreme emotional disturbance. [Smith] argues that counsel should have introduced this information during the sentencing portion of court proceedings.
>
> The Court has considered the motion, and denies [Smith]'s request without the need for a hearing. [Smith] incorrectly assumes that a presentation of an emotional distress defense could have mitigated the sentence in this matter. The plea paperwork, which contains defendant's signature indicates "the defendant agrees to serve this sentence. [Smith] is not eligible for probation." No presentation regarding emotional distress at sentencing would have altered the final judgment in this matter. [Smith's] motion

---

[2] The court did not mention counsel by name, and no entry of appearance for subsequent defense counsel appears in the record following prior counsel's withdrawal in July 2023.

is **DENIED**. [Smith] has not stated anything extraordinary in nature in his [*sic*] pleadings, or presented any indication that this "lack of presentation of emotional disturbance" by counsel justified the relief under the rule. This is a final and appealable order, and there is no just cause for delay.

It is from this order that Smith appeals.

## STANDARD OF REVIEW

"Whether a Defendant is entitled to the extraordinary relief provided by CR 60.02 is a matter left to the 'sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse.'" *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (quoting *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). "Therefore, we will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

## ANALYSIS

A CR 60.02 motion "allows appeals based upon claims of error 'that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court.'"

-4-

*Meece*, 529 S.W.3d at 285 (quoting *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011)). "[Rule 60.02] is for relief that is not available by direct appeal and not available under [Kentucky Rule of Criminal Procedure ("RCr")] 11.42." *Id.* (quoting *Gross*, 648 S.W.2d at 856). In other words, CR 60.02 provides an extraordinary form of relief, and the movant bears the considerable burden of demonstrating why she is entitled to such relief. *Id.* Relatedly, "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross*, 648 S.W.2d at 856.

On appeal, Smith presents a rather patchwork argument, mostly relying on federal and Kentucky case law reviewing ineffective assistance of counsel claims. To illustrate, Smith poses the issue for review to be whether her rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated when the circuit court failed to consider lesser charges than murder, such as manslaughter in the second-degree or reckless homicide, at final sentencing. Smith proceeds to conflate the circuit court's alleged error in denying her CR 60.02 with defense counsel's failure to present evidence of voluntary intoxication and extreme emotional disturbance at final sentencing.

Smith concludes that the alleged cumulative errors by defense counsel resulted in prejudice and deprived her of a meaningful defense.

To the extent that Smith raises ineffective assistance of counsel claims, perhaps for the first time in this appeal, we decline to address them. It does not appear that Smith sought any relief pursuant to RCr 11.42 prior to filing her CR 60.02 motion.[3] Our Supreme Court has made clear that one may not seek or obtain relief pursuant to CR 60.02 prior to exhausting the avenues of relief available by direct appeal and RCr 11.42. *See Meece*, 529 S.W.3d at 285-86.

Setting aside this procedural obstacle for the moment, we nevertheless agree with the Commonwealth that insofar as Smith attributes error to the circuit court for not reducing her bargained-for sentence nor considering unexpressed mitigation theories, Smith fails to demonstrate the extraordinary circumstances necessary for CR 60.02 relief. The circuit court's order indicates that Smith sought relief due to "excusable neglect."[4] Yet, on appeal from this order, Smith fails to

---

[3] While the filing date of Smith's CR 60.02 motion cannot be ascertained from the record, the circuit court's order was entered on March 7, 2025, a date still within the timeframe for pursuing relief under RCr 11.42. *See* RCr 11.42(10) (providing that an RCr 11.42 motion shall be filed within three years after the judgment becomes final, subject to specified exceptions).

[4] Under CR 60.02(a), "[o]n motion a court may, upon such terms as are just, relieve a party . . . from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or *excusable neglect*; . . . ." (Emphasis added).

identify a basis for excusable neglect, much less address how or why she is entitled to relief under *any* provision of CR 60.02.

The circuit court's order aptly noted Smith accepted the Commonwealth's plea offer and entered a guilty plea to a lesser charge of manslaughter in the first-degree.[5] That deal included her agreement to serve a 17-year prison sentence, which is within the statutory penalty range for manslaughter in the first-degree. *See* KRS 507.030(2) ("Manslaughter in the first degree is a Class B felony."); KRS 532.060(2)(b) (stating the sentencing range for a Class B felony is no less than 10 years nor more than 20 years). On appeal, Smith does not identify an actual infirmity with the sentencing hearing, process, or judgment.

Our Supreme Court explained in *Gross* that for a CR 60.02 motion to be successful, "there must be circumstances of an extraordinary nature justifying relief." 648 S.W.2d at 857. This Court observed in *U.S. Bank, NA v. Hasty*, that "[a] very substantial showing is required to merit relief under [CR 60.02's] provisions." 232 S.W.3d 536, 541 (Ky. App. 2007) (citing *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970)). No such extraordinary circumstances exist here, and we discern no abuse of discretion in the circuit

---

[5] The record does not reflect the Commonwealth's reason(s) for amending the murder charge, but we find it worthwhile to point out a finding that a defendant committed murder while acting under the influence of extreme emotional disturbance is a mitigating factor reducing the charge to manslaughter in the first-degree. *See* Kentucky Revised Statutes ("KRS") 507.020(1)(a) and 507.030(1)(b).

court's conclusion that Smith failed to present grounds for relief cognizable under CR 60.02. Other arguments made by Smith that are not addressed herein have been determined to lack merit and/or relevancy to the resolution of this appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Jefferson Circuit Court's order denying relief pursuant to CR 60.02.

ALL CONCUR.

BRIEF FOR APPELLANT:

Grenisa Smith, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Office of the Solicitor General
Frankfort, Kentucky