**Ernest BROUGHTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1979.

Discretionary Review Denied
April 15, 1980.

Eugene Goss, Harlan, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, HOGGE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment convicting the appellant of the second offense of selling alcohol in a dry, local option territory. Appellant was sentenced to six months confinement and a fine of $500.00.

The appellant argues that the trial in circuit court of a misdemeanor is in excess of the jurisdiction of that court, and a conviction resulting from such a proceeding is void. The appellant's notice of appeal is from conviction of the offense contained in the indictment.

Originally, the appellant was indicted under KRS 242.230 and KRS 242.990 for selling alcohol illegally, the third offense, which is a felony. The conviction was only for the second offense of selling alcohol, which is a misdemeanor.

This Court affirms the judgment of the trial court because the indictment charged a felony over which the circuit court had jurisdiction. The circuit court initially obtain-

ed proper jurisdiction, and it was not lost even though the prosecution proved a lesser included misdemeanor offense.

KRS 23A.010(1) provides that the circuit court is a court of general jurisdiction having original jurisdiction of all causes not exclusively vested elsewhere. Kentucky Constitution Section 112(5).

KRS 24A.110(2) indicates that the district court has exclusive jurisdiction to make a final disposition of a misdemeanor, except where the charge is joined with an indictment for a felony. Kentucky Constitution Section 113(6). The felony indictment is clearly beyond the jurisdiction of the district court.

It has been held in similar cases from other jurisdictions that where the trial court's jurisdiction is invoked by a felony indictment, it is not lost by the fact that the state subsequently reduces the charge to a lesser included misdemeanor offense. *Bruce v. State*, 419 S.W.2d 646 (Tex.Cr.App. 1967).

We believe the general rule should be applied in this situation as stated in 22 C.J.S. *Criminal Law* § 169:

As a general rule, where the court has jurisdiction of the crime for which accused is indicted, sometimes by reason of statute, it is not lost if on the evidence he is convicted of a crime of an inferior grade of which it would not have jurisdiction originally . . . .

Similar interpretations of this jurisdictional question have been raised in other states, although the identical situation is not present. *State v. Schults*, 169 Mont. 33, 544 P.2d 817 (1976); *Thompson v. State*, 278 Md. 41, 359 A.2d 203 (1976); *Pierce v. State*, 96 Okl.Cr. 76, 248 P.2d 633 (1952), and *Jones v. State*, 502 S.W.2d 771 (Tex.Cr.App.1973).

Jurisdiction initially attached in the circuit court and was not lost when that court, during the course of the trial, dismissed one count of a three-count indictment. Jurisdiction having attached by reason of the felony charge was not divested by its final determination.

Therefore, the judgment of the trial court is affirmed.

All concur.