**Connie KIMBRO, Appellant,**

v.

**Hon. James M. LASSITER, Judge, Calloway Circuit Court, and Hon. David Buckingham, Judge, Calloway District Court, Appellees.**

Supreme Court of Kentucky.

April 20, 1983.

Charles M. Chaney, Paducah, for appellant.

Max W. Parker, County Atty., Murray, for appellees.

WINTERSHEIMER, Justice.

This appeal is from an order of the Court of Appeals denying a writ of prohibition and/or mandamus which Kimbro sought against a circuit judge who remanded a misdemeanor to the district court for trial. We affirm.

The single issue is whether the trial judge committed reversible error in remanding a misdemeanor charge to the district court after a felony count that was coupled with the misdemeanor was dismissed by the circuit court.

Kimbro argues that the district court forever lost jurisdiction of the case and it should be tried by the circuit court.

We affirm the order of the Court of Appeals denying the writ of prohibition and/or mandamus.

The district court has exclusive jurisdiction to dispose of misdemeanors pursuant to KRS 24A.110(2). The case of Kel-ler v. Commonwealth, Ky., 594 S.W.2d 589 (1980), held that pursuant to statute where a misdemeanor and a felony are joined together, the circuit court has jurisdiction of the misdemeanor. The statute and the case law is clear. The district court has exclusive jurisdiction of a misdemeanor unless it is joined with a felony. When the felony was dismissed, the circuit court was correct in remanding the remaining misdemeanor charge to the district court for trial.

An inherent part of the circuit court's jurisdiction is the authority to remand the remaining misdemeanor. In no sense would such a remand be an interference by a circuit court with the authority of a district court. It is simply an orderly disposition of the case consistent with the exclusive statutory jurisdiction.

It is the holding of this Court that where a felony and misdemeanor are originally joined but later separated, the circuit court may remand the misdemeanor to the district court for disposition.

The order of the Court of Appeals is affirmed.

All concur.