**Edward JACKSON, Special Judge Mercer Circuit Court and Ronald T. Hurst (Real Party in Interest), Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 90–SC–302–MR.**

Supreme Court of Kentucky.

April 11, 1991.

W. Earl Dean, Dean, Dean & Dean, Harrodsburg, James F. Clay, Jr., Danville, for real party in interest Ronald Hurst.

Frederic J. Cowan, Atty. Gen., Mary James-Young, Asst. Atty. Gen., Sp. Prosecutions Div., Frankfort, Ky., for appellee.

COMBS, Justice.

Ronald T. Hurst, as real party in interest, appeals to this Court from an order of the Court of Appeals granting a Writ of Prohibition against Special Judge Edward Jackson. He contends that the Court of Appeals abused its discretion when it prohibited the Special Judge from enforcing his order and judgment entered on January 11, 1990.

Not having pertinent portions of the records of the Mercer circuit and district courts, especially the docket sheets of both courts, we have had a great deal of trouble determining the correct chronology of events.

On September 5, 1989, two separate indictments were returned against Hurst by the Mercer County Grand Jury. The first indictment, 89–CR–035(1), charged him with possession of cocaine, a felony, in violation of KRS 218A.140(2). The second indictment, numbered 89–CR–035(2), charged him with DUI, a misdemeanor in violation of KRS 189A.010.

No order of consolidation was ever entered, as authorized by RCr 9.12. This rule permits the trial judge to consolidate the misdemeanor with the felony case. Nor was there an order of remand to the district court of the misdemeanor charge.

The next event was an order dismissing the felony count, leaving only the misdemeanor. Plea negotiations commenced between the prosecutor and defense counsel. Several days in advance of trial the parties advised the court that it would not be necessary to impanel a jury to dispose of the misdemeanor charge. The Commonwealth recommended as punishment for the misdemeanor a fine of $500 with probation, which appellant agreed to accept. On the day assigned for the hearing, November 17, 1989, the trial judge, ignoring the agreement of the Commonwealth, imposed a $500 fine and thirty days in jail. He also refused to probate any portion of this sentence. No order to this effect was entered at the time. On this same day, and before the court adjourned, appellant filed three motions. By these motions he sought a reconsideration of the denial of probation; a setting aside of the judgment and sentence and the grant of a new trial; and a suspension of sentence and bail pending a determination of the first two motions. The regular trial judge never ruled upon any of these motions. On November 22nd appellant filed a motion and affidavit seeking to recuse the regular circuit judge, and also a remand of the misdemeanor case to the district court for final disposition. On this same day, the regular circuit judge entered an order noting appellant's motion for disqualification and remand. The order provided that:

> The court has reviewed the affidavit of the defendant. As the felony charge against the defendant was dismissed, the only charge now against defendant is a misdemeanor which is normally in the jurisdiction of District Court.
>
> WHEREFORE IT IS HEREBY ORDERED that this case is remanded to the Mercer District Court for any further proceedings.

On November 27th, a document was entered styled "Final Judgment Sentence of Imprisonment." It imposed a $500 fine and thirty-day sentence "at hard labor." This is a typewritten order signed by the regular circuit judge on November 22; near the bottom and opposite the words "This 17th day of November," there appears in handwriting "This order is nunc pro tunc to November 17...." This order was entered six days after the order remanding the case to the district court.

The next day, November 28th, the Commonwealth, through Assistant Attorney General Mary James–Young, filed a motion to reconsider the order remanding to the Mercer District Court, and noticed appellant that the matter would be heard the following day, the 29th. On November 30th, the regular circuit judge entered an "Opinion and Order." Although he had never ruled on appellant's three prior motions, he proceeded to set aside his order of November 22nd remanding to the district court. He then disqualified himself from further proceedings and "allowed" appointment of a special circuit judge.

This is one of the most confusing aspects of this very confusing case. If the November 27th order nunc pro tunc ended the matter, as the trial judge and the Commonwealth contend, then there was no need for the appointment of a special circuit judge. All was done that needed to be done. The man had been adjudged guilty, imposed a fine of $500, and sentenced to thirty days hard labor and committed to jail. The only thing left for a special judge to do was to rule on the post-trial motions. Of course this option would be anathema to the Commonwealth because it would empower the special judge to do the very thing that he did by his subsequent judgment.

The next significant event occurs on January 11, 1989, in the form of a "Memorandum, Order and Judgment" signed by Special Judge Edward Jackson. This judgment accepted defendant's plea of guilty, finding that it was free and voluntary, and fixed his sentence at $500 fine and fifteen days in jail. (By this time appellant had already served sixteen days.) The order

further provided "that this is a final judgment, and any other judgments or orders to the contrary are hereby set aside."

The Court of Appeals prohibited Judge Jackson from enforcing this judgment, and directed him to enforce the nunc pro tunc judgment of November 27.

We agree with the Court of Appeals that Judge Jackson may not enforce his judgment of January 11. But we also agree with Judge Jackson that after the filing of an affidavit to disqualify, the trial judge is without further jurisdiction to proceed in the matter until the Chief Justice acts or until a special judge is designated.

It is interesting to note here that the regular circuit judge by his order of November 30th, disqualified himself from further proceedings. The basis of this disqualification was defendant's affidavit. If the affidavit was sufficient on November 30, 1989, it should have been sufficient on November 22nd.

KRS 26A.020 provides a procedure whereby the party files an affidavit and motion for disqualification. It states, in part, "If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retired justice or judge of the Court of Justice as special judge." The circuit judge does not have a hearing on the affidavit to disqualify. If it is sufficient on its face he has no alternative but to step aside or to stay proceedings pending determination of the challenge.

A great deal of argument has been advanced, and many cases cited, as to the availability or lack thereof of adequate remedies for the Commonwealth, the validity of the nunc pro tunc order and the jurisdiction of the court to proceed after the order of remand or after post-trial motions were filed. This case provides a perfect example of one being unable to see the forest for the trees. Apparently no one

bothered to carefully review the circuit court record in this case. Had they done so they would have seen two indictments and not one as assumed by all parties. No one ever challenged the jurisdiction of the circuit court to entertain the misdemeanor case in the first instance. All treated these charges as though they were joined in a single indictment. This is not so. As noted earlier, there were two separate indictments, one for a felony and one for a misdemeanor. RCr 9.12 permitted the court to consolidate the two indictments by order, but the court failed to do so.

Section 113 of our constitution deals with the district courts. Subsection 6 provides "the district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly."

Section 112 of our constitution deals with the circuit courts, and subsection 5 provides "the circuit court shall have original jurisdiction of all justiciable issues not vested in some other court...."

Pursuant to Section 113 subsection 6, the General Assembly enacted KRS 24A.110 dealing with criminal jurisdiction of the district court. Subsection 2 of that statute provides "the district court has exclusive jurisdiction to make a final disposition of any charge for a public offense denominated as a misdemeanor or violation, except where the charge is joined with an indictment for a felony...."

■ Even had the offenses been joined in a single indictment, then after the Commonwealth dismissed the felony charge the trial court should immediately have remanded the misdemeanor to the district court. Had this been done, all of this time, effort and expense would have been avoided.

Justice Wintersheimer, speaking for this Court in the case of *Kimbro v. Lassiter*, Ky., 648 S.W.2d 860 (1983), correctly stated the principle involved here. He said:

The district court has exclusive jurisdiction of a misdemeanor case unless it is joined with a felony. When the felony was dismissed, the circuit court was cor-

rect in remanding the misdemeanor charge to the district court for trial.

Counsel and other readers of this opinion may wonder at its length, particularly in view of the concluding paragraphs. We merely want to illustrate a point to the bench and practicing bar, a point that was very succinctly stated by the late Justice Benjamin Cardozo of the United States Supreme Court in his treatise "The Nature of the Judicial Process." Therein he said:

Where does the judge find the law which he embodies in his judgment? There are times when the source is obvious. The rule that fits the case may be supplied by the constitution or by statute. If that is so, the judge looks no further. The correspondence ascertained, his duty is to obey. The constitution overrides a statute, but a statute, if consistent with the constitution, overrides the law of judges. In this sense, judgemade law is secondary and subordinate to the law that is made by legislators.

Had the parties reviewed the entire record, the constitution, and statutes enacted pursuant thereto, this case would have never gotten out of the Mercer District Court.

The order granting the petition for prohibition is affirmed insofar as it prohibits enforcement of the judgment entered on January 11th, and is hereby set aside insofar as it directs enforcement of the judgment entered on November 27; the case is remanded to the Mercer District Court for proceedings.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

WINTERSHEIMER, J., concurs in result only.