**Michael R. YOUNG, Appellant,**

v.

**EDWARD TECHNOLOGY GROUP, INC., d/b/a Lexington Computer Store, Appellee.**

No. 93–CA–2558–MR.

Court of Appeals of Kentucky.

April 28, 1995.

Reconsideration Denied June 23, 1995.

Discretionary Review Denied by Supreme Court April 17, 1996.

**230**

Michael R. Young, Frankfort, pro se.

Larry Wayne Cleveland, Young, Cleveland & Ayer, Frankfort, for appellee.

Before LESTER, C.J., and HOWERTON and MILLER, JJ.

HOWERTON, Judge.

This appeal was taken by Michael R. Young after the Franklin Circuit Court denied his CR 60.02 motion in what appears to be an endless case, which we intend to end now. This action began as a collection effort by Edward Technology Group, Inc. d/b/a *Lexington Computer Store* (LCS) after Young failed to pay for a computer purchased from them for $2,803.45. Following a jury verdict for LCS, Young commenced a

series of legal maneuvers which have continued almost six years. He contends that he is entitled to a new trial because opposing counsel acted in an unethical and improper manner, because the trial court was an unconstitutional tribunal, and because the trial judge presided without benefit of election or appointment. We have carefully read the record and agree with LCS that this appeal is barred by Young's prior unsuccessful appeal to this Court, and we further agree that this appeal "is so totally lacking in merit that it appears to have been taken in bad faith." CR 73.02. We therefore GRANT LCS's motion to dismiss as well as its motion for sanctions.

Because the facts of this case are lengthy and complex, we will set them out in numbered paragraphs below.

1. Young purchased a computer in December, 1988, and upon his refusal to pay, the seller, LCS, initiated a collection effort in Franklin District Court.

2. Young's counterclaim for $1,450,000 was stricken by the court as a sham pleading upon LCS' motion pursuant to CR 12.06.

3. Young then filed a series of motions including seeking writs of prohibition from the circuit court and this Court and seeking to remove the district judge because she was his "political enemy."

4. After a jury trial in district court, a verdict was returned for LCS in the amount of $2,803.45.

5. Further post-judgment motions filed by Young were denied and the judgment was later affirmed by the Franklin Circuit Court.

6. Young continued to file post-judgment motions, one of which was also to have Judge Ray Corns recuse himself because he felt Corns was prejudiced against him.

7. Eventually all circuit judges from the Franklin Circuit disqualified themselves due to "special knowledge of the case," and an order was entered certifying the need for a special judge.

8. Although the Supreme Court had ordered that Franklin District Court judges serve as special judges in this situation, none

could serve due to prior experiences with Young.

9. Finally, Judge Edward Jackson from the Twenty–Third Circuit was assigned to the case. On July 8, 1991, he entered an order vacating the judgment of the Franklin District Court. The order also directed a trial in the Franklin Circuit Court, ruling that the district court lost jurisdiction upon the filing of Young's counterclaim, regardless of its frivolity or its having been stricken pursuant to CR 12.06 as a sham pleading.

10. When Judge Jackson retired, the case was assigned to District Judge Reed Rhorer as special circuit judge. LCS added an abuse of process count to its complaint. The jury found against Young on the principal count awarding LCS $2,803.45 for its merchandise and $2,000.00 on the abuse of process count.

11. More post-trial motions were then filed by Young, including one seeking to have Judge Rhorer remove himself from the case, claiming that the judge was prejudiced against him.

12. Young next filed a petition for writ of prohibition with this Court seeking to prohibit Judge Rhorer from presiding further in the case. When this petition was denied, Young appealed that ruling to our Supreme Court.

13. On October 8, 1992, The Supreme Court denied intermediate relief, and Young moved a second time for a writ of prohibition on the same grounds. In denying intermediate relief a second time, the Court advised Young in an order dated November 9, 1992, that his request for such relief "is repetitive of previous motions in the same case, and, as such, an abuse of the judicial process. Further, motions on the same subject will be grounds to consider sanctions against Mr. Young."

14. Young continued to file various motions with the trial court, including one in which he compared Judge Rhorer to Joseph Stalin, resulting in the judge's issuing an order on February 19, 1993, directing Young to appear in court "to show cause why he should not be held in contempt for filing a spurious and frivolous motion directed against the honor, dignity and authority of the Court...."

15. On that same day, Young was ordered to appear before the Supreme Court to show cause why he should not be held in contempt in connection with his activities in seeking to have Judge Rhorer removed from the case. In its order, the Court noted that "Young undertook a repetitive process seeking disqualification of Judge Rhorer in an earlier case, Franklin Circuit Court, No. 91–CI–01044, *Michael R. Young v. Lexington Computer Store*, which suggests that the said Michael R. Young is engaged upon a course of conduct abusing valuable time which should be utilized in consideration of other cases." The Supreme Court fined Young $350, which he moved to set aside after it issued an order of execution in collection of this fine after he failed to pay it.

16. Upon the final resolution by the trial court of all of Young's post-judgment motions, Young attempted to appeal the Franklin Circuit Court's judgment to this Court. However, he filed his appeal too late, and it was dismissed upon motion of LCS. A motion for reconsideration was denied.

17. No review was sought by Young to the Supreme Court, but instead, on August 13, 1993, he filed a CR 60.02 motion with the Franklin Circuit Court. That court denied the motion, and this appeal followed.

Although Young sets out three grounds for appeal, they actually resolve themselves into one complaint—that the judgment entered against him by the Franklin Circuit Court on June 22, 1992, was void because the trial judge was not lawfully appointed or elected. This argument is the dead horse Young continues to beat even after having been rejected by the trial court, the Court of Appeals, and the Supreme Court of Kentucky.

■ The purpose of CR 60.02 is to bring before a court errors which (1) had not been put into issue or passed on, and (2) were unknown and could not have been known to the moving party by the exercise of reasonable diligence and in time to have been otherwise presented to the court. *Davis v. Home Idem. Co.*, Ky., 659 S.W.2d 185 (1983).

In his brief before this Court, Young makes the same arguments [verbatim] he made to this Court in his motion for reconsideration of our order dismissing his previous appeal. Renewed presentation of those arguments and allegations is precluded on this appeal under CR 60.02.

Furthermore, we GRANT LCS's motion for sanctions under CR 73.02(4), which reads as follows:

If an appellate court determines that an appeal or motion is frivolous, it may award just damages and single or double costs to the appellee or respondent. An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith.

In *Leasor v. Redmon,* Ky., 734 S.W.2d 462, 464 (1987), it was held that "if the court finds that the appeal is totally lacking in merit in that no reasonable attorney could assert such an argument, bad faith may be inferred, and the appeal is frivolous."

In the case at bar, Young asserts that Judge Rhorer was improperly appointed a special judge by the Chief Justice of the Kentucky Supreme Court when no less authority than § 110 of the Kentucky Constitution plainly authorizes such appointment "when [the Chief Justice] deems such assignment necessary for the prompt disposition of causes." Certainly no reasonable attorney would make such an argument. Moreover, Young, a layman, was necessarily aware of the law on the subject, since it had been announced to him in his prior repetitious appeals and the warnings embodied in those decisions.

Now, therefore, LCS's request for dismissal of this appeal and/or affirmance of the Franklin Circuit Court's order denying Young's motion for CR 60.02 relief is GRANTED.

Further, LCS having moved this Court to sanction Young for his bad faith pursuant to CR 73.02, said request is GRANTED.

Michael R. Young is hereby assessed all court costs associated with this action from its beginning until its conclusion, and LCS shall be entitled to recover its reasonable costs and expenses incurred in this litigation, including a reasonable fee for its attorney.

LCS shall have fifteen (15) days from the date of entry of this Opinion and Order in which to file with the Clerk of this Court (copy to Young) its statement of costs, expenses, and fees (the attorney need not be made a party), together with a supporting affidavit or affidavits. Young shall thereafter have fifteen (15) days to respond. This Court shall thereafter fix the amount LCS shall recover, and such determination shall be made on the basis of the record, unless otherwise ordered for hearing by this Court.

Following a fixing of the sanction, this case shall be remanded to the Franklin Circuit Court for enforcement of the judgment of $4,803.45 plus interest, for collection of all costs, and for collection of the sanction.

All concur.