**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Timothy ADKINS, Appellee.**

**No. 1999–SC–0868–MR.**

Supreme Court of Kentucky.

Sept. 28, 2000.

A.B. Chandler, III, Attorney General, Michael G. Wilson, Assistant Attorney General, Office of the Attorney General, Frankfort, for Appellant.

W. Sidney Trivette, Pikeville, for Appellee.

GRAVES, Justice.

■ The sole issue presented in this appeal is whether the circuit court retained jurisdiction of a felony DUI charge after the circuit court amended the charge to a misdemeanor. We hold that the circuit court's jurisdiction was triggered by the filing of the indictment in which the grand jury issued a formal written accusation that Appellee had committed a felony offense with appropriate venue. Subject matter jurisdiction is determined from the indictment. Latent deficiencies in the facts leading to the issuance of the indictment affects only the legal sufficiency of the charge, not the circuit court's ability to hear the case. We reverse the Court of Appeals' decision to the contrary.

Appellee, Timothy Adkins, was indicted by a Pike County Grand Jury on one count of driving under the influence (DUI), fourth offense, a Class D felony, and one count of operating a motor vehicle while license is revoked or suspended for driving under the influence, first offense, a Class B misdemeanor. Prior to trial, the Pike Circuit Court found that one of Appellee's prior DUI convictions was defective and therefore insufficient to enhance the DUI to a felony. As a result, count one of the indictment was amended to DUI, third offense, a misdemeanor. Thereafter, Appellee pled guilty to both misdemeanors.

At final sentencing, Appellee moved the circuit court to remand the case to the district court on the grounds that the district court had exclusive jurisdiction over misdemeanors, and that the circuit court lost jurisdiction of the case when the felony DUI charge was reduced to a misdemeanor. The circuit court denied the motion and sentenced Appellee to twelve months in the county jail, to be probated after serving thirty days.

On appeal, the Court of Appeals, in a split decision, reversed the circuit court's judgment. The majority opinion relied on *Jackson v. Commonwealth,* Ky., 806 S.W.2d 643 (1991), in holding that when the felony charge is removed prior to trial, whether by reduction to a misdemeanor or by dismissal, the circuit court is required to remand the case to the district court for further proceedings. This Court thereafter granted the Commonwealth's motion for discretionary review.

■ KRS 24A.110(2) provides that the district court has exclusive jurisdiction over final disposition of misdemeanors, except when the charge is joined with an indictment for a felony. KY. CONST. § 113(6). Clearly, in such a case, the circuit court has authority to dispose of both charges, since the felony is beyond the jurisdiction of the district court. *See Keller v. Commonwealth,* Ky., 594 S.W.2d 589 (1980). The question necessarily becomes whether the circuit court, vested with jurisdiction by the grand jury indictment, loses jurisdiction when the felony indictment is amended to a misdemeanor. We think not.

In holding that *Jackson, supra,* was dispositive of the case *sub judice,* the Court of Appeals relied on the fact that Appellee's felony charge was reduced to a misdemeanor prior to trial or final disposition of the case. However, in *Jackson,* two separate indictments were returned, one charging a felony drug offense and the other a misdemeanor DUI offense. This Court held that since the two charges were not joined in one indictment, once the felony count was dismissed, the circuit court was without jurisdiction to entertain the misdemeanor charge. *Id.* at 646. The case before us is factually distinguishable from *Jackson,* in that we are addressing a unitary felony/misdemeanor indictment, not two separate indictments.

In *Broughton v. Commonwealth*, Ky., 596 S.W.2d 22, 23 (1979), we stated, "It has been held in similar cases from other jurisdictions that where the trial court's jurisdiction is invoked by a felony indictment, it is not lost by the fact that the state subsequently reduces the charge to a lesser included misdemeanor offense." (Citation omitted). The *Broughton* court determined that jurisdiction initially attached in the circuit court and was not lost when that court, during the course of trial, dismissed the felony count of a three count indictment. "Jurisdiction having attached by reason of the felony charge was not divested by its final determination." *Id.*

■ We are of the opinion that whether a felony charge is dismissed or reduced prior to trial, or during such, has no bearing on whether the circuit court can dispose of the remaining misdemeanor(s), so long as the charges were joined in the same indictment. We agree with Judge Knox's dissenting opinion that our decision in *Kimbro v. Lassiter*, Ky., 648 S.W.2d 860 (1983), provides a much better analysis of this case.

■ *Kimbro* involved the issue of whether remanding a misdemeanor charge to the district court, after the felony count with which it had been joined was dismissed, constituted reversible error. In concluding that it did not, this Court held:

> An inherent part of the circuit court's jurisdiction is the authority to remand the remaining misdemeanor. In no sense would such a remand be an interference by a circuit court with the authority of a district court. It is simply an orderly disposition of the case consistent with the exclusive statutory jurisdiction.
>
> It is the holding of this Court that where a felony and misdemeanor are originally joined but later separated, the circuit court *may* remand the misdemeanor to the district court for disposition.

*Id.* at 861. Unquestionably, under *Kimbro*, while a circuit court has the authority to remand any remaining misdemeanors to the district court, the decision to do so is discretionary rather than mandatory. In making that decision, the trial judge should exercise judicial economy.

■ There is a presumption against divesting a court of its jurisdiction once it has properly attached, and any doubt is resolved in favor of retaining jurisdiction. 21 Am.Jur.2d *Criminal Law* § 480 (1998) (citing *People v. Veling*, 443 Mich. 23, 504 N.W.2d 456 (1993)). Indeed, once a court has acquired jurisdiction, no subsequent error or irregularity will remove that jurisdiction, so that a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both. *Id.; see also People v. Davis*, 156 Ill.2d 149, 189 Ill.Dec. 49, 619 N.E.2d 750 (1993).

■ Another aspect of this case influencing our decision is that Appellee did not move for a remand upon the felony charge being amended to a misdemeanor, but instead voluntarily pled guilty to both misdemeanor charges in the circuit court. It was not until the sentencing hearing that he moved to have the case remanded to the district court. As noted in *Commonwealth v. Ramsey*, Ky., 920 S.W.2d 526, 528 (1996), which also involved the reduction of a felony DUI to misdemeanor DUI due to the inadmissibility of prior offenses:

> [T]he Commonwealth maintains . . . without the introduction of the prior DUI's, the Commonwealth will be limited to proving a misdemeanor which is outside the Circuit Court's jurisdiction. The Commonwealth has misconstrued the issue of jurisdiction. Once a defendant is indicted on a felony charge, the Circuit Court has jurisdiction. *West v. Commonwealth*, Ky., 887 S.W.2d 338 (1994); *Nicholas v. Thomas*, Ky., 382 S.W.2d 871 (1964). Secondly, the Commonwealth asserts that since the result . . . will net only a misdemeanor conviction the Circuit Court will be left with-

out authority to bifurcate the proceeding. Once a guilty verdict is reached, the Circuit Court has the authority to conduct a penalty phase, pursuant to KRS 532.055, in which the prior convictions may be introduced and the appropriate sentence determined . . . .

The Pike Circuit Court initially obtained jurisdiction when Appellee was indicted on a felony charge. Notwithstanding the amendment of the felony charge to a misdemeanor due to legal insufficiency, the circuit court certainly retained jurisdiction once Appellee was convicted of the misdemeanor offenses, albeit by way of a guilty plea, and was thereafter authorized to make a final disposition of the case.

For the above reasons, the decision of the Court of Appeals is reversed, and the judgment and sentence of the Pike Circuit Court is hereby reinstated.

All concur.