RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1749-MR

ORLANDO SAXTON                                                                   APPELLANT

APPEAL FROM GRAVES CIRCUIT COURT
v.        HONORABLE TIMOTHY C. STARK, JUDGE
ACTION NO. 15-CR-00087

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Orlando Saxton *pro se* appeals from the Graves

Circuit Court's denial of his second motion to vacate his convictions and sentences

for theft by unlawful taking and being a persistent felony offender pursuant to

Kentucky Rules of Civil Procedure (CR) 60.02. We affirm as Saxton's arguments

do not present errors of law and are otherwise foreclosed by determinations made

in his prior appeal.

This matter has come before this Court previously on appeal in *Saxton v. Commonwealth*, No. 2016-CA-000651-MR, 2019 WL 328679 (Ky.App. Jan. 25, 2019) (unpublished). We adopt the facts from *Saxton* as follows:

> On October 7, 2014, Jason Dickey was headed to a friend's house around the corner from where he lived when he received a phone call from Appellant, who said that he was on his way to come meet Dickey. When Appellant arrived, he was with a group of approximately twelve other men. Dickey began to argue with one of the men in the group, Will Dunbar, and thought he was being set up because Appellant had not told him anyone else was coming with him. Dickey and Dunbar went into the street to fight. As the fight continued, Dickey was hit in the back of the head with something and fell to the ground. The group then surrounded Dickey and proceeded to stomp and kick him. Dickey got up to run to his Cadillac Escalade SUV and realized that it was gone. The group caught up with Dickey and continued to assault him. Around the same time, Dickey's girlfriend, Kayla Belcher, was driving down the street when Dickey's SUV passed her at a high rate of speed. Belcher recognized Appellant as the driver of the SUV. Belcher then drove back towards her and Dickey's home and found Dickey. The police were contacted, and Dickey was taken to the hospital for treatment of his injuries.
>
> Mayfield Police Officer Trever Webb responded to the call regarding Dickey's assault and the theft of his SUV. Officer Webb issued an ATL (Attempt To Locate) on the vehicle as well as information that Appellant was possibly operating the vehicle. Subsequently, Tennessee Highway Patrol located the vehicle and deployed spike strips to stop it. The SUV hit the spikes and then struck a tree. When officers reached the vehicle, the driver's door was open, and no one was inside it. Appellant was found

> hiding in an adjacent field a short time later and was
> arrested.
>
> On June 11, 2015, Appellant was indicted for first-degree robbery and for being a second-degree persistent felony offender. However, shortly before his trial began on March 10, 2016, the Commonwealth moved to amend the indictment to theft by unlawful taking.

*Saxton*, 2019 WL 328679, at *1-2.

In March 2016, Saxton was found guilty by a Graves County jury of theft by unlawful taking and for being a second-degree persistent felony offender. Consistent with the jury's recommendation, the trial court sentenced Saxton to five years' imprisonment on the theft by unlawful taking conviction, and three years' for the persistent felony offender conviction, for a total of eight years' imprisonment.

After his conviction, and instead of filing a direct appeal, Saxton filed a CR 60.02 motion with the trial court. Following the denial of his motion, Saxton appealed to this Court as a matter of right. One particular issue raised in that first CR 60.02 motion was Saxton's argument that his jury instruction on theft by unlawful taking was erroneous in that it did not include the element pertaining to the value of the vehicle taken. As discussed below, that argument and this Court's resolution of same have a direct bearing on this most recent appeal. This Court affirmed the denial of Saxton's first CR 60.02 motion in an Opinion affirming

-3-

dated January 25, 2019.  Saxton did not file a petition for rehearing pursuant to CR 76.32 or file a motion for discretionary review pursuant to CR 76.20.

After our decision, Saxton filed the instant CR 60.02 motion in which he argued that:  (1) the trial court had lost jurisdiction when his indictment was amended from robbery to theft by unlawful taking; and (2) the value of the stolen property was not shown on the indictment and not contained in the jury instructions.  In an order entered October 24, 2019, the trial court denied this second CR 60.02 motion.

This Court has held that actions under CR 60.02 are addressed to the "sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959).  The test for whether the trial court abused its discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Regarding his first assignment of error, Saxton argues that the trial "court lacked personal jurisdiction when it entered a criminal judgment against [him] without being given any prior prejudgment notice of the case or charges." A review of the record in this case shows that, prior to trial, the Commonwealth moved to amend Saxton's indictment from first-degree robbery to theft by

unlawful taking.  Saxton's argument here also includes an element of his second argument:  the fact that the new indictment did not list the alleged value of the stolen vehicle.  According to Saxton, without the amended indictment containing a dollar figure, the charge should be considered a misdemeanor falling outside the jurisdiction of the circuit court.[1]

In *Commonwealth v. Adkins*, 29 S.W.3d 793 (Ky. 2000), the Kentucky Supreme Court directly addressed the question of whether the circuit court retained jurisdiction of a case after an indictment alleging a felony offense is amended down to a misdemeanor.  *Adkins* recognized that the circuit court's jurisdiction is triggered by the filing of the indictment and that subject matter jurisdiction is determined from the indictment.  Thus, the subsequent amendment of the indictment from a felony to a misdemeanor based upon the same set of facts does not divest the circuit court of jurisdiction over the disposition of the case.  *Id.* at 794.  Therefore, even had Saxton's charge been amended to a misdemeanor, which it was not, the trial court would have retained jurisdiction.

Additionally, Kentucky Rules of Criminal Procedure (RCr) 6.16 permits a court to amend an indictment at any time before verdict, if "[n]o

---

[1] The crime of theft by unlawful taking or disposition, as set out in KRS 514.030, encompasses both misdemeanors and felonies differentiating them based upon the value of the property allegedly stolen.

additional evidence [is] required to prove the amended offense and [appellant has] not shown that [he was] prejudiced by the amendment." *Schambon v. Commonwealth*, 821 S.W.2d 804, 810 (Ky. 1991). "[T]he essential question when examining [any] variance between the indictment and the proof is whether the defendant in fact had fair notice and a fair trial." *Johnson v. Commonwealth*, 864 S.W.2d 266, 272 (Ky. 1993). This issue was also addressed in *Adkins*, *supra*, wherein it was determined that the amended charge must be based upon the same set of facts as those addressed in the original charged crime. In Saxton's case, the operative and alleged "set of facts" were the same under either crime with the exception that the use or threat of physical force was eliminated as an element of the offense once the charged crime was amended from robbery to theft.[2]

---

[2] Compare KRS 515.020 with KRS 514.030:

**515.020 Robbery in the first degree**

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he or she uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he or she:

    (a) Causes physical injury to any person who is not a participant in the crime; or

    (b) Is armed with a deadly weapon; or

    (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

**514.030 Theft by unlawful taking or disposition; penalties**

(1) Except as otherwise provided in KRS 217.181, a person is guilty of theft by unlawful taking or disposition when he [or she] unlawfully:

As to Saxton's last argument regarding the value of the stolen vehicle not appearing in the amended indictment or jury instructions, we first note that to the extent Saxton continues to challenge the jury instructions, those claims were raised in both his first post-conviction CR 60.02 motion and in his prior appeal in which this Court denied relief. Consequently, because those claims were raised previously, they are not properly before us in the present appeal.

In Saxton's prior appeal this Court stated:

> Appellant first argues that the jury instruction on theft by unlawful taking was erroneous in that it did not include the element pertaining to the value of the item taken. Appellant concedes that this error is unpreserved but requests review under the palpable error standard set forth in CR 10.26. However, the Commonwealth points out that the narrative statement in the supplemental record herein establishes that the Commonwealth and defense counsel, during a discussion at the close of trial, agreed that there was insufficient evidence that the value of Dickey's SUV exceeded $10,000, but overwhelming evidence that it exceeded $500.[3] As such, the Commonwealth and defense counsel submitted a jury instruction for the theft charge without a value element because such was not an issue.

---

(a) Takes or exercises control over movable property of another with intent to deprive him or her thereof[.]

[3] At the time of the amendment of Saxton's indictment and his trial, theft by unlawful taking was a Class D felony where "[t]he value of the property is five hundred dollars ($500) or more but less than ten thousand dollars ($10,000)[.]" 2013 Kentucky Acts ch. 82 § 1(2)(d) (HB 161) (eff. Jun. 25, 2013). Under the current version, if the value of the property is $500 or more but less than $1000, it is a Class A misdemeanor, and if it is $1,000 or more but less than $10,000, it is a Class D felony. KRS 514.030(2)(d) and (e).

> Based upon the record herein, we conclude that a review for palpable error is not appropriate because Appellant waived his claim to cite this particular issue as error. As noted by our Supreme Court in *Quisenberry v. Commonwealth*, 336 S.W.3d 19 (Ky. 2011), "[g]enerally, a party is estopped from asserting an invited error on appeal."

*Saxton*, 2019 WL 328679, at *1-2.

> Later in the Opinion, this Court also wrote:

> In Appellant's case, defense counsel not only failed to object to the given instruction, but, in fact, specifically agreed that the value element was unnecessary in the instruction. The alleged error, therefore, was not merely unpreserved, but was invited, and not subject to palpable error review.

*Id.* at *2.

If Saxton wished to question our prior determinations, he could have filed a petition for rehearing pursuant to CR 76.32 and/or filed a motion for discretionary review in the Kentucky Supreme Court under CR 76.20. He did neither and the Opinion became final on the 31st day after the date of its rendition by operation of CR 76.30. Given the finality of that Opinion, and the law-of-the-case doctrine, we are bound by the prior decisions of this Court in this case, and "the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982).

Similarly, "[o]ur courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented in a prior proceeding." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky.App. 2009). Saxton presents nothing novel within his present appeal to cause this Court to question its prior ruling on this issue. It was not only abundantly clear from the evidence of record, but also stipulated by his own counsel, that the value of the vehicle that Saxton took was more than $500, making its theft a felony under the then-current language of KRS 514.030.

Lastly, CR 60.02 allows appeals based upon claims of error that "were unknown and could not have been known to the moving party by the exercise of reasonable diligence and in time to have been otherwise presented to the court." *Young v. Edward Technology Group, Inc.*, 918 S.W.2d 229, 231 (Ky.App. 1995). The rule represents the codification of the common law writ of *coram nobis*, which allows a judgment to be corrected or vacated based "upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the parties seeking relief." *Davis v. Home Indemnity Co.*, 659 S.W.2d 185, 188 (Ky. 1983). Both of the arguments raised by Saxton in this present appeal were issues known to him and his counsel at the time of trial and should have been raised on direct appeal since CR 60.02 is only for relief that is *not* available on direct appeal or in

-9-

an RCr 11.42 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983).

Finally, courts in the Commonwealth have long held that errors occurring during trial, including those involving improper jury instructions, should be brought on direct appeal, and that such issues should not be considered under CR 60.02 unless extraordinary circumstances are present. *See Howard v. Commonwealth*, 364 S.W.2d 809, 810 (Ky. 1963). The present case involves no such extraordinary circumstances. Consequently, this claim should have been brought on direct appeal if not within Saxton's first CR 60.02 motion. As stated in *Gross*, "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." *Gross*, 648 S.W.2d at 856. To the extent Saxton was dissatisfied with this Court's decision in the appeal of his first CR 60.02 motion, his remedy was to file a petition for rehearing and/or seek discretionary review from the Kentucky Supreme Court rather than filing a successive CR 60.02 motion with the trial court.

Accordingly, we affirm the Graves Circuit Court's denial of Saxton's successive motion for CR 60.02 relief.

ALL CONCUR.

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Orlando Saxton, *pro se*         Daniel Cameron
La Grange, Kentucky          Attorney General of Kentucky

                            Courtney J. Hightower
                            Assistant Attorney General
                            Frankfort, Kentucky