RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1527-MR

GARRY[1] DEWAYNE EDWARDS                                   APPELLANT

|       | APPEAL FROM PULASKI CIRCUIT COURT |
|-------|-----------------------------------|
| v.    | HONORABLE KENT HENDRICKSON, JUDGE |
|       | ACTION NO. 19-CI-00839            |

GLORIA DENISE EDWARDS                                   APPELLEE

AND

NO. 2023-CA-0008-ME

GARY DEWAYNE EDWARDS                                   APPELLANT

|       | APPEAL FROM ROCKCASTLE CIRCUIT COURT |
|-------|--------------------------------------|
| v.    | HONORABLE KENT HENDRICKSON, JUDGE    |
|       | ACTION NO. 22-D-00035-001            |

GLORIA EDWARDS                                   APPELLEE

---

[1] The Appellant's name is spelled alternatively as "Garry" and "Gary" in these two appeals. We utilize the spelling "Gary" throughout this combined Opinion.

<u>OPINION AND ORDER</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  COMBS, DIXON, AND ECKERLE, JUDGES.

COMBS, JUDGE:  In two separate appeals, Gary Edwards challenges:  (1) the

final judgment of the Pulaski Circuit Court dissolving his marriage to Gloria

Edwards Cox and (2) an order of the Rockcastle Circuit Court denying his motion

to dissolve a domestic violence order that prohibited him from contacting Gloria

and their children for three years.  While the appeals have not been consolidated,

we have elected to consider them together and to address both of them in this

single Opinion.  After our review, we affirm on both appeals.

## (1) The Order of Dissolution

The parties married in April 2004, and they separated in June 2019.  In

August 2019, Gloria filed a petition for dissolution of the marriage in Pulaski

Circuit Court.  She sought equitable distribution of the parties' property, division

of their debt, and joint custody of their minor children.  Gary answered the petition,

beginning a "prolonged and tumultuous battle."  Pulaski Circuit Court's Findings

of Fact, Conclusions of Law and Order, December 14, 2022, at 1.  After a time,

Gloria was granted sole custody of the children, and Gary was ordered to produce

his psychiatric records.  Nonetheless, Gary adamantly refused throughout these

proceedings to provide his mental health records to the court.

-2-

On June 29 and June 30, 2022, the Pulaski Circuit Court conducted an evidentiary hearing to resolve the pending dissolution action. Gloria was represented by counsel. Because a series of his counsel had been permitted to withdraw from representation, Gary represented himself. The court described Gary's behavior during the final hearing as "bizarre." It concluded that he "is clearly and seriously mentally ill and oblivious to his abnormal behavior." It also characterized him as "cunning, to the point of outright dishonesty." Ultimately, the court found that Gary posed a threat to the safety and well-being of the two minor children and that visitation would seriously endanger their mental and emotional health.

On December 14, 2022, the parties' marriage was dissolved by decree of the Pulaski Circuit Court. The court concluded that it was in the best interests of the children that Gloria be granted sole custody. Gary was ordered to pay child support in the amount of $692 per month. He was denied parenting time. The court classified, valued, and assigned the parties' real and personal property. Gary filed a notice of appeal of the Pulaski Circuit Court's decree on December 21, 2022.

On April 28, 2023, Gary filed his brief. Gloria filed her brief in the appeal on June 20, 2023. Some days later, Gary filed his reply brief.

We recognize that Gary's briefs were prepared without benefit of counsel. Nevertheless, conformity with the Kentucky Rules of Appellate Procedure (RAP) is mandatory. *See Hallis v Hallis,* 328 S.W.3d 694 (Ky. App. 2010). We provided Gary with a copy of our *Basic Appellate Practice Handbook*; thus, he was aware that his briefs must follow our rules. However, the massive briefs that Gary filed fail to comply with our procedural rules and are materially deficient both in form and in content. *See* RAP 31.

We are empowered to strike briefs that substantially fail to comply with the requirements of our rules of appellate procedure. *Id.* Nevertheless, we strongly prefer to address appeals on their merits, and we have elected to do so in this case.

We have carefully reviewed Gary's brief. It is disordered and is what can best be described as an ongoing stream of invective. As a result, we have struggled to identify which, if any, issues that he claims were adequately preserved for appeal and might warrant relief. Consequently, we have undertaken a meticulous review and assessment of the trial court record in an effort to uncover palpable error. We have found no such error in the judgment of the Pulaski Circuit Court. Thus, it is affirmed in every respect.

## (2)    The Domestic Violence Order (DVO)

We now address the appeal of the order of the Rockcastle Circuit Court denying Gary's motion to dissolve the domestic violence order entered on June 30, 2022.

On June 14, 2022, Gloria petitioned for an order of protection, and an emergency protective order was issued. Following an evidentiary hearing, the Rockcastle Circuit Court entered a domestic violence order on June 30, 2022. Nearly two months later, Gary, *pro se*, filed a notice of appeal on September 23, 2022. We issued an order to show cause why the appeal should not be dismissed as untimely. By our order entered on November 17, 2022, Gary's appeal from the domestic violence order was dismissed.

However, before we dismissed his appeal, Gary filed a motion in the Rockcastle Circuit Court for relief from the domestic violence order. As the basis of his motion, Gary contended that Gloria gave false testimony; that his son, Alex Edwards, gave false testimony; that his son, H.E., gave false testimony; that the trial court erroneously refused to allow him to play a tape recording; that the emergency protective order was entered by a judge who was disqualified; and that Gloria wrongfully engaged in "judge shopping." The Rockcastle Circuit Court denied the motion for relief from its domestic violence order on December 8, 2022.

On January 3, 2023, Gary filed a timely notice of appeal of the Rockcastle Circuit Court's order denying his motion to dissolve the DVO. He filed his brief on January 31, 2023.

On March 8, 2023, Gary filed a motion in this Court captioned "Motion to terminate/vacate D.V.O. pressed upon me." He requested this Court to order the DVO to be vacated on the basis that Gloria had failed to file an appellee's brief. By order entered on May 5, 2023, the motion was passed to this merits panel for disposition.

On May 16, 2023, Gloria filed an extensive motion raising several issues with respect to Gary's appeal of the DVO. She requested that Gary's brief be stricken. In her motion, and as an officer of the court, Gloria's counsel stated that Gary's brief had not been served upon her nor upon her client. Instead, she explained that she received an email from Gary on March 8, 2023, entitled "BRIEF FOR DIVORCE/CUSTODY AND MOTION 2 TERMINATE DVO." Counsel explained that it has been:

> impossible to maintain accurate records as to the various cases where Appellant fails to satisfy filing deadline, fails to provide service copies of all documents he filed with the Court, and where Appellant fails to include the required heading and identifying information on the cover of documents that are served to Counsel.

In addition, counsel argued that the brief should be stricken because it fails to conform to our rules of appellate procedure.

In reply, Gary asserted that he served his brief upon counsel by hand-delivering a copy of it to counsel's secretary. While he challenged counsel's assessment of his brief, Gary acknowledged that the voluminous exhibits attached to his brief were not introduced in the trial court proceedings and that they are not part of the record on appeal. By order entered on June 28, 2023, this motion was also passed to this merits panel for resolution.

First, we consider Gary's motion asking this Court to grant his appeal since Gloria has failed to file a brief. Pursuant to the provisions of RAP 31, where an appellee's brief has not been filed within the time allowed, the Court has three options. We may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. The decision to impose any of these penalties is one committed to our discretion. *See Flag Drilling Co., Inc. v. Erco, Inc.*, 156 S.W.3d 762 (Ky. App. 2005). Having reviewed Gary's motion and the record on appeal, we choose not to exercise any of the options available to us under the provisions of RAP 31, and instead, we have elected to consider the merits of this case.

We next consider Gloria's motion to strike Gary's brief. As Gloria notes, a brief may be stricken for failure to substantially comply with the

-7-

requirements of our rules of appellate procedure. RAP 31. Again, we strongly prefer to address appeals on their merits, and, under these circumstances, we have elected to do so.

Gary argues that the circuit court abused its discretion by failing to grant his motion to dissolve its domestic violence order. CR[2] 60.02 provides as follows:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

"CR 60.02 allows appeals based upon claims of error 'that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court.'" *Sanders v.*

---

[2] Kentucky Rules of Civil Procedure.

*Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (quoting *Young v. Edward Technology Group, Inc.*, 918 S.W.2d 229, 231 (Ky. App. 1995)). Because the rule provides an extraordinary form of relief, it "is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings[.]" *Id.*

A substantial showing is required to merit relief under its provisions. *Ringo v. Commonwealth,* 455 S.W.2d 49 (Ky. 1970). Whether CR 60.02 relief is justified in a case involving a domestic violence order is a serious consideration in light of the clear purpose of the legislation tailored to protecting victims. *Roberts v. Bucci*, 218 S.W.3d 395 (Ky. App. 2007).

Gary's allegations of witness perjury do not entitle him to the relief he seeks. Pursuant to the provisions of KRS[3] 523.020, a person commits perjury "when he makes a material false statement, which he does not believe, in any official proceeding under an oath required or authorized by law." In order to justify relief, Gary had to show to a reasonable certainty that Gloria, Alex, or H.E. made a material, false statement, which she or he did not believe was true.

Gary argues that Gloria, Alex, and H.E. lied under oath when each of them indicated to the court that he had gone inside a grocery store to stalk Gloria and not merely to see his son. He contends that Alex and H.E. lied in an effort to

---

[3] Kentucky Revised Statutes.

help their mother. Essentially, Gary argues that because he disagrees with the witnesses' testimony, it must follow that the witnesses committed perjury. However, he did not show to a reasonable certainty that the testimony he challenges was testimony that the witnesses believed was false. Consequently, we cannot conclude that the trial court's decision was arbitrary or unsupported by legal principles. The trial court did not abuse its discretion by discounting Gary's unsubstantiated and speculative perjury claims.

Gary also argues that the trial court abused its discretion in failing to grant him relief, contending that it erred during the evidentiary hearing by refusing to permit him to play a particular tape recording; by refusing to consider his contention that the emergency protective order was entered by a judge who he claims was disqualified; and by refusing to see that Gloria had wrongfully engaged in "judge shopping." However, Gary has failed to identify **any new information** unknown to him at the time of trial or at the time of his original appeal. In fact, he had presented those very issues in the appeal that was ultimately dismissed by our order entered on November 17, 2022, as having been untimely filed. Consequently, none of them can serve as the basis of the relief that he now seeks.

We affirm the Rockcastle Circuit Court with respect to the DVO as well as the order of dissolution of the marriage.

-10-

ALL CONCUR.


ENTERED: _September 1, 2023_    _____
                                JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Gary Dewayne Edwards, *pro se*   Jennifer Thomas
Somerset, Kentucky              Somerset, Kentucky