RENDERED:  DECEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1190-MR

TONYA FORD                                                             APPELLANT


APPEAL FROM TAYLOR CIRCUIT COURT
v.          HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 10-CR-00162


COMMONWEALTH OF KENTUCKY                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Tonya Ford, *pro se*, appeals from an order of the Taylor

Circuit Court that denied relief pursuant to a post-conviction motion filed under the

guise of CR[1] 60.02.  After careful review, we conclude her arguments are

duplicative of a prior motion filed pursuant to RCr[2] 11.42, or should have been

raised therein, and therefore affirm the circuit court.

---

[1] Kentucky Rule of Civil Procedure.

[2] Kentucky Rule of Criminal Procedure.

## Factual and Procedural Background

The Kentucky Supreme Court summarized the relevant factual background when it affirmed Ford's conviction for murder. To wit,

> In February of 2009, only days before Valentine's Day, Lebanon Police Officer David Ford was found dead in his home, the result of a gunshot to the back of his head as he sat at the family's computer. The jury found that the fatal shot was delivered by the vengeful hands of David's wife – the Appellant, Tonya Ford.
>
> The Fords had a tumultuous marriage and were living separately at the time of his murder. Chief among their grievances was David's extramarital affair with Mary Ramos. At the time of his murder, David lived with Ms. Ramos while Appellant was searching for an apartment so that she could move out of the family home. On the day of the murder, emergency personnel were dispatched to the scene in response to a 911 phone call placed by the Appellant stating that her husband had been shot.
>
> A detective for the Kentucky State Police took charge of the investigation and initially interviewed Appellant. After further investigation, the detective interviewed Appellant on two additional occasions, wherein she revealed evidence implicating her as the shooter. As a result, Appellant was indicted on October 19, 2010, on one count of murder. After a lengthy trial, a Taylor Circuit Court jury found Appellant guilty of murder and recommended a sentence of twenty years. The trial court sentenced Appellant in accord with the jury's recommendation.

*Ford v. Commonwealth*, No. 2012-SC-000624-MR, 2014 WL 1118198, at *1 (Ky. Mar. 20, 2014).

-2-

In June 2015, Ford filed a motion alleging ineffective assistance of counsel pursuant to RCr 11.42 in the circuit court, claiming nine instances of error by trial counsel. The circuit court conducted a two-day evidentiary hearing and denied relief. Ford appealed to this Court. Due to a flagrant disregard of the civil rules pertaining to briefing by Ford's counsel, this Court reviewed for manifest injustice only and, finding none, affirmed the circuit court. *See Ford v. Commonwealth*, No. 2017-CA-000833-MR, 2019 WL 1872106 (Ky. App. Apr. 26, 2019). The Kentucky Supreme Court granted discretionary review and affirmed this Court's holding regarding the jury instructions but reversed and remanded for a review of the merits of Ford's other arguments. *See Ford v. Commonwealth*, 628 S.W.3d 147 (Ky. 2021).[3] On remand, after a review of the merits, this Court again affirmed the circuit court. *See Ford v. Commonwealth*, No. 2017-CA-0833-MR, 2021 WL 4699219 (Ky. App. Oct. 8, 2021).

On September 8, 2023, Ford filed a *pro se* post-conviction motion in the circuit court. Although it was captioned as a motion pursuant to CR 60.02 and 60.03, Ford merely reiterated her prior allegations of ineffective assistance of

---

[3] While Ford's RCr 11.42 motion was pending before the Kentucky Supreme Court, counsel filed a motion pursuant to CR 60.02 in the circuit court, again arguing about jury instructions. The motion was held in abeyance in the circuit court and, after the Kentucky Supreme Court again affirmed the jury instructions, the motion was not pursued further by Ford's prior counsel.

counsel and *Brady* violations[4] that were made either in her direct appeal, her RCr 11.42 motion, or both. The circuit court entered a perfunctory order denying relief and finding, in relevant part, that the motion was "without merit as her case has been addressed numerous times on appeal." This appeal followed.

## Standard of Review

We review the denial of a CR 60.02 motion under an abuse of discretion standard. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). The test for abuse of discretion is whether the circuit court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## Analysis

On appeal, Ford alleges that trial counsel failed to (1) request funds for expert witnesses in the field of domestic violence/abuse; (2) substantially present a defense by failing to present mitigating evidence during the penalty phase of the trial; and (3) present statements of crucial witnesses to the jury. She also alleges cumulative error.

---

[4] *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Although filed under the heading of a motion pursuant to CR 60.02, Ford's motion is a repackaging of her prior RCr 11.42 motion.

> . . . CR 60.02 allows appeals based upon claims of error that "were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court." *Young v. Edward Technology Group, Inc.*, 918 S.W.2d 229, 231 (Ky. App. 1995). The rule represents the codification of the common law writ of coram nobis, which allows a judgment to be corrected or vacated based "upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the parties seeking relief." *Davis v. Home Indemnity Co.*, 659 S.W.2d 185, 188 (Ky. 1983) (citing *Harris v. Commonwealth*, 296 S.W.2d 700 (Ky. 1956)).

> "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The rule is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings, but, rather, "is for relief that is not available by direct appeal and not available under RCr 11.42." *Id.* "In order to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this *special, extraordinary* relief." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky. 1998) (emphasis added).

*Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011).

Ford does not allege new facts, evidence, or grounds that were not available to her on direct appeal or in her prior RCr 11.42 motion.  In fact, many of her arguments are *exactly the same* as those raised previously.  Accordingly, the circuit court did not abuse its discretion when it denied Ford's motion.

## Conclusion

For the foregoing reasons, the judgment of the Taylor Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Tonya Ford, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky